## DUCKWORTH v. McKINNEY.

1. PLEADINGS—FORECLOSURE—FRAUD—FAILURE OF CONSIDERATION—DE- FENSE.—That an assignment of a note and mortgage was made with intent to defraud creditors of mortgagee, is a good defense to a suit of foreclosure on a note and mortgage executed to the assignee upon condition that original mortgage is satisfied, which is not done, and sets up the defense of failure of consideration.

2. WANT OF CONSIDERATION can be pleaded to contract evidenced by a. promissory note secured by a mortgage.

3. PLEADING—FAILURE OF CONSIDERATION—WANT OF CONSIDERATION.— AN ANSWER failing to set up *in tolidem verbis* the defense "of fail- ure of" or "want of consideration," is still sufficient, if it states facts. which go to state such a defense.

Before WATTS, J., Abbeville, February, 1900. Affirmed.

Foreclosure by S. J. Duckworth against Jane E. McKin- ney. The master, to whom the case was referred, filed the following report:

"Pursuant to the order of the Court, I held a reference in this case and took testimony, a copy of which is appended hereto. This is a suit brought by the plaintiff to foreclose

a note and mortgage.   The allegations usual in a case of this kind are found in the complaint.   The defendant answered the complaint, and the plaintiff demurred to the answer, except the first paragraph thereof.   At the trial, the defendant asked leave to amend her answer.   For convenience, I will consider the demurrer and the motion to amend together.   Ought the demurrer to be sustained?   The plaintiff contends that defendant, in her answer, has admitted all the allegations of the complaint, and that the only defense which she has attempted to set up is an irrelevant one, namely, that somebody else is interested and should have been made a party.   And then, as to the amendment of the answer, plaintiff contends that it cannot be allowed, in that it comes too late and is not in the proper form; that it should be before answer and by affidavit—and that to allow it would be substantially to change the defense.   Defendant contends that demurrer should not be sustained; that the plaintiff has no right to the money, and that the answer is, therefore, not demurrable, and that even if it is demurrable, it can be amended; that the amendment is within the power and discretion of the Court, and that the amendment proposed does not materially change the defense.   I should have stated that the plaintiff contends that the defendant in her answer admits all the allegations of the complaint, except one, and she denies that in the very words of the complaint, which is bad pleading and cannot be allowed.   I agree with the plaintiff, that the defendant has admitted all the allegations of the complaint, and I sustained his contention that it is not allowable to deny the allegations of the complaint in the very words thereof—that that is what the law books call a negative pregnant, and is not good pleading.   So far as I can see, the only defense which the defendant really puts up in her first answer is that another person is interested in the proceedings, and she does not even ask that this third person be made a party.   It seems to me that the defense set up is irrelevant and frivolous.   Even if what the defendant contends for is true, what difference does it make to her?   Who

constituted her the protector and guardian of Tennent? Nor do I think the answer can be amended as requested. It would change substantially the entire defense. Surely, to allow the defendant to plead failure of consideration, would be a radical change of the defense. I find, as conclusions of law, that the motion to amend the answer should be disallowed, the demurrer sustained, and the answer, except the first paragraph thereof, stricken out, and that the plaintiff should have judgment against the defendant for the sum of $340.83, and to a foreclosure of the premises mentioned in the complaint."

The case was argued on exceptions to master's report, all the papers and proceedings in the cause, and following order passed:

"This case came before me upon exceptions to the master's report. I hold that the master was in error in holding that the defendant's answer put in issue none of the allegations of the complaint, and the exception to such holding by the master is sustained. I hold that the special matter set forth does not, by itself, constitute a defense, and should have been stricken out on demurrer; but it was error on the part of the master to refuse to allow the defendant so to amend her answer as to set up the defense of want of consideration. Defendant should be allowed to deny that the plaintiff is the owner and holder of the mortgage sued on. It is, therefore, on motion of defendant's attorneys, ordered, that the exceptions to the master's report, as indicated above, be sustained. That the cause be remanded to Walter L. Miller, Esq., master, to take testimony and decide all questions of law and fact involved in said cause, and that he report his findings to this Court. That the defendant be and she is hereby allowed twenty days from the rising of this Court in which to amend her answer, as indicated above."

The plaintiff appeals on the following exceptions:
"I. Because his Honor erred in holding that the master

erred in holding that defendant's answer put in issue none of the allegations of the complaint, when the first paragraph of defendant's answer is in these words : 'That the defendant admits all the allegations of the complaint except so much of paragraph 5 as alleges the whole sum of said note and mortgage is now due and owing to the plaintiff, which she denies.' Said answer being an express admission of the complaint being true, except as to the amount, which being denied by a negative pregnant, was no denial at all.

"II. Because his Honor erred in holding that the master was in error in refusing leave to the defendant to so amend her answer as to plead want of consideration, it being respectfully insisted that the master was right, for three reasons, viz : a. That want of consideration can never be pleaded to a sealed instrument.    b. That it was proper to refuse to allow the amendment during the trial.    c. Because the master properly held that it would change substantially the defense set up by the defendant.

"III. Because the presiding Judge erred in holding that the defendant should be allowed to deny that the plaintiff was the legal owner and holder of the mortgage, the defendant having admitted by her answer the title of the plaintiff to the papers sued on.

"IV. Because his Honor erred in remanding the case to the master to take testimony and report all issues of law and fact, the master having already taken the testimony as if the answer had been amended, and there being nothing for the Court to do but to consider the case as it was and render judgment.

"V. Because it is respectfully submitted that the master was right in holding the first paragraph of defendant's answer to be a negative pregnant, and in reporting in favor of the plaintiff, and it was error in the presiding Judge to set aside said report, the answer raising no relevant issues.

"VI. Because the motion to amend the answer, as made before the master, being to amend so as to set up the defense that some third person was claiming the debt, and said claim

not being made as provided in section 143 of the Code of Civil Procedure, the master was right in refusing to allow the amendment, and the presiding Judge was in error in reversing the master's report on that point."

*Mr. Wm. N. Graydon,* for appellant, cites : *The first paragraph of defendant's answer raised no issue for the Court:* 46 S. C., 93. *Answer cannot be amended as proposed during trial before master:* 53 S. C., 348; 21 S. C., 241; 30 S. C., 574; Code, 143.

*Mr. Frank B. Gary,* contra, cites : *Plaintiff's remedy as to answer was by motion and not demurrer:* 18 N. Y., 120. *Want of consideration can be pleaded here—a promissory note:* 42 S. C., 176.

Aug. 7, 1900. The opinion of the Court was delivered by

MR. CHIEF JUSTICE McIVER. This was an action to foreclose a mortgage of real estate given to secure the payment of a promissory note, executed by defendant to the plaintiff. The allegations of the complaint were in the usual form appropriate to such an action, except that there was no allegation that the plaintiff was the owner and holder of the note and mortgage.

The defendant answered, in the first paragraph, saying : "That the defendant admits all the allegations of the complaint, except so much of the paragraph V. as alleges the whole sum of said note and mortgage is now due and owing to the plaintiff, which she denies." In the other paragraphs of her answer she makes substantially the following allegation : 1st. That on the 3d of February, 1896, she gave a note and mortgage to the firm of Allen & Cooley, and that upon the dissolution of said firm her said note and mortgage were turned over to D. K. Cooley, one of the members of said firm, for the purpose of paying the debts of said firm of Allen & Cooley. 2d. That some time during the month of February, 1898, B. B. Allen, the other member of the firm of

Allen & Cooley, commenced an action against D. K. Cooley and T. D. Cooley, alleging amongst other things that D. K. Cooley had fraudulently transferred a large part of the assets of Allen & Cooley which had been turned over to him to pay the debts of said firm, and was wasting and squandering said assets, and asking that a receiver be appointed to take charge of said assets.    3d. That a receiver was appointed, and D. K. Cooley was required to turn over the assets to such receiver.    4th. That the said D. K. Cooley transferred defendant's note and mortgage to Allen & Cooley, mentioned in the first paragraph of the answer, to the plaintiff herein, after the order appointing the receiver was granted, although the assignment thereof was antedated. 5th. That the defendant, in ignorance of the foregoing facts, and being then under the belief that the plaintiff was the owner of the note and mortgage previously given by her to Allen & Cooley, executed the note and mortgage sued on in this case in payment and satisfaction of her note and mortgage previously given to Allen & Cooley.    6th. That the transfer of the note and mortgage given by defendant to Allen & Cooley to the plaintiff was fraudulent, and made for the purpose of evading the order of the Court above referred to; and there was no consideration given by the plaintiff, and he took the same well knowing the purpose of the transfer, and that his demand on the defendant for the note and mortgage sued on in this case was a part of the scheme to put the assets of Allen & Cooley beyond the reach of the Court. The 8th paragraph of the answer is in the following language: "That the defendant is informed and believes that the plaintiff is not the owner of the note and mortgage sued on in the action, nor was he the owner of the note and mortgage alleged to have been assigned to him by the said D. K. Cooley, and for which these now in suit were given, and that the said plaintiff has no right to bring this action."

The case was referred to the master, "to hear and decide all issues of law and fact."    At the reference the counsel for plaintiff interposed a demurrer to the answer, except the

first paragraph thereof, on the ground that it fails to state facts sufficient to constitute a defense, in this: "that said answer shows on its face that the defendant admits all the allegations of the complaint, and sets up an affirmative defense, which is irrelevant to the issues raised by the complaint, and also that the answer fails to state that any other person has made or is making any claim against her for the same debt, which allegation is absolutely necessary in a case of this kind." The master stated that he would pass upon the demurrer at a later stage of the case and would allow testimony to be introduced—subject, of course, to his action on the demurrer. Counsel for defendant then moved to amend the answer by stating that, after the execution of the note and mortgage in suit, the defendant received notice from W. C. Tennent, receiver, of the order of the Court above referred to, and demanding payment to him, as receiver, of the money due by the defendant on the note and mortgage to Allen & Cooley, and that the note and mortgage in suit was without consideration and void. The master said that he would allow the amendment for "the present," but that if he saw fit to disallow it afterwards, he would do so; and that he would allow testimony to be introduced in support of the allegations in the answer as amended; but that if he finally determined to disallow the amendment, he would strike out any testimony that would not have been received, if the answer had not been amended. The master then proceeded to take the testimony as set out in the "Case," which tended to sustain the allegations contained in the answer, which were demurred to. The master made his report, in which he sustained the plaintiff's demurrer to the answer, and refused the motion to amend, and holding that there was no denial of the allegations of the complaint, rendered judgment, as prayed for therein, in favor of the plaintiff. A copy of this report should be incorporated by the reporter in his report of the case. To this report the defendant filed exceptions, and the case was heard by his Honor, Judge Watts, upon the report and said exceptions thereto,

who rendered judgment sustaining some of the exceptions, and remanded the case to the master to hear and decide all questions of law and fact in the case, allowing the defendant twenty days to amend her answer, so as to set up the defense of want of consideration. From this judgment the plaintiff appeals upon the several grounds stated in the record. Let the decree of the Circuit Judge and the exceptions thereto be also embraced in the report of this case by the reporter.

It seems to us that the scope and effect of the answer, as originally filed, has been wholly misconceived. While it may be true that the first paragraph of the answer presents a negative pregnant, amounting to no denial at all, inasmuch as the form in which it is presented, may be regarded as admitting that there is *something* due on the note and mortgage sued on (Ency. of Pl. and Prac., vol. 1, 796; *Curnow* v. *Ins. Co.*, 46 S. C., at pp. 93-4), yet, under the view which we take of this case, this matter becomes immaterial. It seems to us that the other paragraphs of the answer, properly construed, set up at least three defenses: 1st, fraud in obtaining the note and mortgage sued on; 2d, failure of consideration; and 3d, a denial that the plaintiff is the owner and holder of the note and mortgage upon which he bases his action. If the facts alleged in the second, third, fourth, fifth, sixth and seventh paragraphs of the answer be true (and they must be taken to be so on demurrer), then it is clear that a case of fraud on the part of the plaintiff in obtaining the assignment of the mortgage given by defendant to Allen & Cooley, and also in obtaining the note and mortgage sued on, is presented, which should defeat plaintiff's right to a recovery in this action. And if the facts there alleged be true, especially those stated in the 6th paragraph of the answer, taken in connection with the other allegations, then the defense of want of consideration, or of failure of consideration (and in this case it matters not which), is certainly presented. For if the note and mortgage sued on were given in consideration of the payment and satisfaction of the note and mortgage to Allen & Cooley, and

this last mentioned note and mortgage have not been paid and extinguished (as they have not been, if the other facts alleged in the answer be true), then certainly there was want of consideration, or, at least, of failure of consideration, for the note and mortgage sued upon. The contention on the part of the appellant that while *failure* of consideration of an obligation under seal, may be set up as a defense to an action on such an instrument, yet want of consideration cannot, as the seal imports a consideration, cannot avail the appellant in this case, for two reasons: 1st. Because the note, which constitutes the substratum of plaintiff's action, was not an instrument under seal—the allegation in the complaint being that the note sued on is a *"promissory note."* And if the note was without consideration, then there was no debt, and if no debt, then there could be no valid mortgage. 2d. Because the defense was really a failure rather than a want of consideration. For if the transaction between the plaintiff and the defendant was, as it is alleged in the answer to have been, then it amounted to this, that the plaintiff agreed that if the defendant would give him the note and mortgage sued on, he would, in consideration thereof, pay and extinguish her note and mortgage to Allen & Cooley; and this he not only has not done, but cannot do, if the allegations in the answer be true; and thus the consideration upon which he obtained the note and mortgage sued on has failed. 3d. The allegations in the 8th paragraph of the answer were clearly sufficient to raise the issue as to whether the plaintiff was the owner and holder of the mortgage sued on—which was certainly a material issue in the case. It seems to us, therefore, that the master erred in sustaining the demurrer to all the paragraphs of the answer, except the first, as those paragraphs of the answer did not set up the defenses above indicated; and if not clearly and sufficiently set up, then the plaintiff's remedy was by motion to make the answer more definite. It is true, that the answer does not set up in so many words that there was a "want of consideration" for the note sued on, or that

there was a "failure of consideration," but it does set up *facts* which go to sustain such a defense; and that is sufficient. The view taken by the master as well as by appellant, that the defendant, by her answer, attempted to set up as a defense that the debt sued on was due—not to the plaintiff, but to another person, the receiver—is based upon an entire misconception of the answer. The defense is *not* that the defendant admits that she owes the debt evidenced by the note and mortgage sued on, but claims that she owes such debt to a third person, and not to the plaintiff; but, on the contrary, she practically denies that she owes the debt, *evidenced by the note and mortgage* sued on, to *any one,* and, therefore, the provisions of section 143 of the Code, cited by counsel for appellant, have no application to this case.

While we see no real necessity for any amendment to the defendant's answer, inasmuch as, according to our construction of the original answer, she has already set up the defense of a want of consideration, or a failure of consideration, and also denied that the plaintiff is the owner and holder of the note and mortgage sued on, we see no objection to allowing the defendant to amend her answer, if she be so advised, as allowed by the Circuit Judge.

We see no error, therefore, in the judgment rendered by the Circuit Judge, although there might be some difference of opinion as to the reasons given for such judgment.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.