### 10642.

### MORGAN v. MORGAN *ET AL.*

#### (108 S. E. 110.)

1. DEEDS—RETAINED BY GRANTOR INEFFECTIVE FOR WANT OF DELIVERY
—Where father, who had executed deeds conveying land to his
children, retained possession of the land and continued to exercise
the rights of proprietorship over it, and continued to hold deeds,
the deeds were ineffective, there having been no delivery.

2. DEEDS—HELD NOT DELIVERED NOTWITHSTANDING RECORDATION.—
Where father executed deeds conveying land to children, delivered
deeds to son-in-law with directions to send them to a clerk for re-
cordation, with instructions that deeds with bill for recording be
returned to the father, and where deeds after recordation were in
fact returned to the father, who kept deeds and remained in
possession of the land, there was no delivery, notwithstanding re-
cordation, it being apparent under the circumstances that the
father did not intend the deeds to become effective until after
his death.

3. DEEDS—RECORD OF DEEDS PRESUMPTIVE EVIDENCE OF DELIVERY.—The
record of a deed is presumptive evidence of delivery, but such pre-
sumption may be rebutted.

4. DEEDS—DELIVERY A MATTER OF INTENTION.—The delivery of a deed
is a matter of intention.

Before McIVER, J., Lancaster, October, 1920. Affirmed.

Action by Adam Morgan against W. L. Morgan, Edna
Morgan Mungo, Bessie Morgan Faile and Ora Morgan.
From judgment for plaintiff the three first named defend-
ants appeal.

The following is the decree referred to in opinion:

The plaintiff sues to set aside four deeds, one to each of the defendants, his children. His cause of action is that they are clouds on his title to land described therein; that the record interferes with his management of his financial affairs; that they discriminate against other children of his by his present wife, and against her, and he asks the Court ber 22, 1913, and entered of record October 21, 1914. The plaintiff, who can neither read nor write, says he does not know how they got on the record; that his son, W. L. Morgan, one of the defendants, at that time was his bookkeeper, attended to his correspondence, sent his papers to the clerk for record, issued and signed his bank checks, etc. They are recorded, however, and one of the defenses of the defendants is that plaintiff had them recorded as an evidence of his intention to deliver them. At the time of the commencement of this action, and before the referee, the plaintiff had the deeds; he offered them in evidence, and swore that he found them in his trunk, where he had put them a few days before after their execution.

He said he had never authorized any one to take them from the trunk and record them; that whoever did so acted without authority. There is no attempt to contradict his evidence that he never parted with the possession of any of the land, but always exercised every right of proprietorship over it, always paying the taxes, though in the name of the defendant. It is also uncontradicted that, although three of the defendants, W. L. Morgan, Edna Morgan Mungo, and Bessie Faile, are all married and for periods ranging from three to eight years, have lived away from plaintiff, none of them even after their anger at their father for his second marriage, ever demanded possession of the land or rents thereon until their answer in this case. Therefore they

18—s. c. 116

were not in possession of the land; they were not in possession of the deeds. Did the plaintiff intend to deliver the deeds? Did he intend to part with title to his land, and deprive himself of his sovereignty over it as owner? The witness Gardner swears as to what he said at the time the deeds were made. In substance it was: "I am a sick man; I am accustomed to having these spells; one of them may prove fatal; I want to arrange my affairs so that if such fatality occurs it will not be necessary for surveyors to be running lines over my lands, so I am going to make these deeds to my four children in order that a plan may exist for the division of my land." The deeds were made; nothing was paid him; he took them in his possession; he has them in his possession now. None of the facts are contradicted. What do they prove? What inferences must be drawn from them? I only hold one, and that to be that he was executing the deeds with the common understanding among the laity they might operate as a will at his death, and that he did not deliver them.

Did he subsequently do so? The defendants undertake to prove so by L. M. Mungo, the husband of the defendant, Edna Morgan Mungo. What did he say? That in 1915—clearly an error, because the deeds were recorded in 1914—the plaintiff after some preliminary remarks told him (Mungo) "to take the deeds and send them to Paul Moore, clerk, and tell him to record them and send them and the bill for recording back to me;" that he (Mungo) took the deeds, sent them to Paul Moore, and directed them to send back to plaintiff, and that he had not seen them since. Bessie Faile, another of the defendants, says she was at her father's house when the deeds came back to him, and he instructed her to tell W. L. Morgan to send Mr. Moore a check for the recording fees. The plaintiff denies so instructing Mungo, as well as the statment of Bessie,

but, admitting them to be true, what do they prove? Only that plaintiff made of Mungo his agent for sending the deeds to the clerk to be returned to him after they were recorded. They were returned to him; therefore this testimony negatives any idea of any intention on the part of the plaintiff to deliver the deeds to the defendants.

The deeds were recorded, it is true, and the record of a deed is presumptive evidence of delivery, but it is subject to rebuttal. and when the party claiming the delivery of a deed because it is recorded explains the matter in which the deed was entered of record, and his explanation shows that the grantor did not intend to deliver the deed, the presumption ought not to be allowed to avail him because he knew that the grantor did not intend to deliver the deeds by entering them of record. In this instance Mungo knew plaintiff had not relinquished control of the deeds, because he ordered them returned to him and they were returned. Here there was no act of delivery, unless the recording be so held. Did the plaintiff intend to deliver the deeds and part with the title to his lands? Delivery is a matter of intention; it cannot be in the absence of it. The plaintiff testified that he was 50 years old. In 1913, when the deeds were executed, 7 years ago, he was 44. Did he at that age intend to deprive himself of his entire property, worth $50,-000 according to him, and leave himself bereft? I cannot think so; therefore I hold that there was no intention to deliver the deeds, and that they were never delivered. Such parts of his pleadings in the case of Carson Company against Adam Morgan et al. as contradict his evidence here as competent is properly before the Court. They seem to have been stricken out; the case was never tried; therefore no formal examination of him was had. If they are out of the record, they are not a part of it; if he made a contradictory statement, it could be proven by the person in whose

presence he made it. He swore that the alleged pleadings
were not read to him. L. M. Mungo, the notary appear-
ing to probate, testified after Morgan, and did not say that
he read or explained the paper to him; therefore there is
doubt if Morgan knew what was in the paper to which he
made his mark. But if he did, it was, at most, a contradic-
tory statement made in legal terms, the significance of
which he likely did not know, and in preparing his defense
in another case, and cannot overcome the evidence in his
favor here. My conclusion is that there was no delivery
of the deeds, and that the record should be expunged of
them. *Shute v. Shute,* 82 S. C. 264, 64 S. E. 145; *Johnson
v. Johnson,* 44 S. C. 364, 22 S. E. 419. It is therefore, on
motion of Harry Hines, Esq., plaintiff's attorney, ordered,
adjudged, and decreed that the deeds of Adam Morgan, the
plaintiff, to W. L. Morgan, Ora Morgan, Bessie Morgan,
now Bessie Morgan Faile, and Edna Morgan, now Edna
Morgan Mungo, recorded in the office of the register of
mesne conveyances for Lancaster County on the 21st day
of October, 1914, in Deed Book M., pages 385, 386, and
387, respectively, be, and the same are hereby, cancelled
and set aside and adjudged to be of no legal force and ef-
fect, and the Clerk of Court is directed to mutilate said
deeds and write upon the books where they are reorcded
the declaration that the said deeds were mutilated, and
that their record shall be of no force whatsoever.

*Mr. R. E. Wylie,* for appellants, cites: *What amounts
to delivery of a deed or raises a presumption of delivery:*
19 S. C. 211; 9 Rich. Eq. 203; Rice Eq. 243; 83 S. C. 330;
4 McC. 100; 52 S. C. 472; 10 Rich. Eq. 220; 90 Am. St.
Rep. 164; 61 Am. St. Rep. 176; 96 Am. Rep. 312; 53 Am.
St. Rep. 535; 115 S. C. 240; 55 Am. Rep. 399; 50 Am.
St. Rep. 189; 82 Am. St. Rep.; 109 Am. St. Rep. 311; 61
Am. St. Rep. 132. *No intention to deliver shown in* 82 S
C. 264; 44 S. C. 364. *Answer of grantor in another pro-*

*ceeding in disparagement of his title is admissible*:  5 A. & E. Enc. L. (1st Ed.) 367; 73 S. C. 241; 91 Ga. 422; 30 S. C. 564; 16 S. C. 142. *Evidence not sufficiently clear to set aside deeds*:  113 S. C. 233; 100 S. C. 157.

*Mr. Harry Hines,* for respondent, cites:  *No intention to deliver deeds*: 82 S. C. 265; 44 S. C. 364; 23 S. C. 89. *No estoppel in pais*: 111 S. C. 57; 82 S. C. 266; 79 S. C. 421; 70 S. C. 206; 96 S. C. 122; 67 S. C. 452; 84 S. C. 430; 104 S. C. 165; 97 S. C. 129. *What is delivery of deed*: 5 A. & E. Enc. L. (1st Ed.) 445.

June 30, 1921.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

For the reasons assigned by his Honor, JUDGE McIVER, it is the judgment of this Court that the judgment of the Circuit Court be affirmed.