15064

WILLIAMS v. LAWRENCE *ET AL.*

(8 S. E. (2d), 838)

8

*Messrs. L. E. Wood* and *Carlisle, Brown & Carlisle,* for appellant,

*Mr. R. B. Paslay,* for respondents-executors,

April 11, 1940.

The opinion of the Court was delivered by MR. CHIEF JUSTICE BONHAM.

March 6, 1935, plaintiff filed her complaint against the named defendants for the foreclosure of a mortgage. There were answers by the executors of the last will of James Anna Lawrence, deceased, and C. H. Dixon, as Receiver

of The First National Bank of Spartanburg, S. C. Thereafter Fae L. Tindall, Willie Mae L. Bishop and James W. Wolfe, as Receiver of The Citizen's Bank of Inman, S. C., were made parties defendant. All of the defendants filed answers. By consent of all parties, the matter was referred to LeRoy Moore, Esq., Master for Spartanburg County, under a general order of reference. In due time he filed his report, by which he recommended that the complaint be dismissed. The matter was heard by Hon. Thos. S. Sease, resident Judge of the Seventh Circuit, who, on July 28, 1937, filed his order confirming the report of the Master. In due time the plaintiff gave notice of intention to appeal. While the Transcript of Record was being prepared, the plaintiff filed with Judge Sease a petition setting forth that: " * * * since the filing of the decree of July 28, 1937, the Receiver of First National Bank had realized from a proceeding in Federal Court to marshall the assets of James Anna Lawrence a substantial amount, reducing the unpaid balance of the judgments held by the Receiver to an amount under $400.00, and alleging further that the Executors of James Anna Lawrence had on hand an amount more than sufficient to pay said balance, and praying 'that the Court take cognizance of the facts above alleged as having occurred subsequent to the filing of the decree of His Honor, Judge T. S. Sease, of July 28, 1937, from which it appears that there is no longer any necessity for setting aside plaintiff's mortgage for the benefit of the said Albert L. Lohm, as Receiver of First National Bank of Spartanburg, S. C.; that the Court do set aside and re-open the said decree of July 28, 1937, with leave to your petitioner, as plaintiff herein, to file and serve a supplemental complaint setting out the facts alleged in this petition and praying for foreclosure of her said mortgage, and for such other and further relief as may be equitable and proper.' "

Judge Sease granted the order prayed for and plaintiff filed her supplemental complaint, to which the executors of James Anna Lawrence made answer.

April 22, 1939, the Master filed his second report, again recommending that the complaint be dismissed.

September 5, 1939, Judge Sease filed his decree confirming the Master's report and dismissing the supplemental complaint. From that order comes this appeal based upon fifteen exceptions.

The decree of Judge Sease sets out pretty fully the facts of the case upon which his findings are predicated, and states clearly his conclusions, and is satisfactory to this Court. Let it be reported.

The Master and the Circuit Judge concur in the findings of fact. The exceptions are largely based on the allegations that these findings were erroneous. It is the settled rule of this jurisdiction that when the Master and the Judge concur in such findings, they have the effect of the findings of a jury, and no appeal lies therefrom.

" 'While this case was tried as one in equity, that is, the testimony was taken before a Special Referee and his findings reported to the court of common pleas, and passed upon by the circuit judge, it is unquestionably a case at law, and the rule in law cases must be applied. That rule is that, if the issue be legal, conclusions of fact as found by the Special Referee and approved by the circuit judge are not subject to review by this court, unless wholly unsupported by evidence, or unless it clearly appears that such finding was influenced or controlled by error of law. See *Willard et al. v. Finch et al.,* 123 S. C., 56, '58, 116 S. E., 96, and cases therein cited; *Carolina Savings Bank v. Ellis et al.,* 174 S. C., 69, 97, 176 S. E., 355; *Weston v. Morgan,* 162 S. C., 177, 160 S. E., 436; *Dillon County v. Lane,* 114 S. C., 494; 104 S. E., 184.' " *Riley v. Berry,* 189 S. C., 4, 8, 199 S. E., 866, 867.

"If the proceeding be considered as one in equity with a legal aspect as to the finding of fact, the rule in law cases may be said to apply. That rule is that, if the issue be legal, conclusions of fact as found by the master and approved by the circuit judge are not subject to review by this court.

*Rippy v. Smith,* 77 S. C., 414, 57 S. E., 1097; *Ross v. Jones,* 58 S. C., 1, 35 S. E., 402, 36 S. E., 1; *Willard v. Finch,* 123 S. C., 56, 116 S. E., 96; *Fant v. Easley Loan & Trust Company* [170 S. C., 61, 169 S. E., 659], *supra." Carolina Savings Bank v. Ellis,* 174 S. C., 69, 176 S. E., 355, 366.

Appellant alleges in some of her exceptions, which are directed against the first decree of Judge Sease, that it was error to hold in that decree, in confirming the Master's report, that " *   *   *   the plaintiff had stated in her complaint that she is not asking for any deficiency judgment, the error being that the supplementary complaint contains no waiver of right to deficiency judgment * * * ."

Appellant was allowed to file her supplemental complaint upon the grounds, as stated in her petition, of matters arising after the filing of the first report and decree. The question thus presented is now academic, since the Master and Circuit Judge have concurred in finding that appellant is not entitled to foreclose her mortgage and, hence, would not be entitled to a deficiency judgment. We concur in that finding.

The exceptions are overruled, and the judgment is affirmed.

MESSRS. JUSTICES CARTER and FISHBURNE and MESSRS. ACTING ASSOCIATE JUSTICES J. HENRY JOHNSON and E. H. HENDERSON concur.