18406

Irma C. JACKSON, Respondent, v. Anne J. WALTERS, Appellant
(144 S. E. (2d) 422)

*Charles Welborn, Esq.,* of Anderson, *for Appellant,*

488

*Messrs. Neely & Otter,* of Anderson *for Respondent,* █

*Charles Welborn, Esq.,* of Anderson, *for Appellant, in Reply,*

October 6, 1965.

BUSSEY, Justice.

In this equitable action plaintiff-respondent sought to set aside a certain real estate mortgage, and the note secured thereby, on the ground, *inter alia,* of want of consideration. The note and mortgage were dated September 19, 1964, and were in the amount of $4,200, together with interest at six per cent per annum, payable one day after demand, both instruments being executed in favor of Anne J. Walters (as parent and general guardian of Leila Lane Walters, a minor). The mortgage is under seal and the execution and delivery of the instruments by the respondent is admitted.

The appellant, Mrs. Walters, is the mother of the minor, Leila Lane Walters, aged 13 at the time of the trial below, and the respondent, Mrs. Jackson, is the mother of Mrs. Walters.

The controversy here had its origin in a legacy in favor of the said minor, contained in a codicil to the will of Mrs. Ida Beaty Lewis, who died in 1955, said will and codicil being dated March 6, 1953. Mrs. Lewis was no blood relation to Mrs. Jackson, but was a third or fourth cousin of Mrs. Jackson's husband, and lived with Mrs. Jackson for some four years prior to her death. In her will Mrs. Lewis specifically devised to Mrs. Jackson a farm tract of land in Anderson County. She bequeathed to six named nieces and nephews the sum of $500 each. Mrs. Jackson and Harold Major, a member of the Anderson Bar, were appointed as executrix and executor of the will. The pertinent portion of the codicil reads as follows:

"I will, bequest and devise to Lelia Lane Walters the sum of $2,500, and direct that it be used for her education. I direct that the same be paid over to Irma C. Jackson as guardian for Leila Lane Walters to use the money as herein directed."

Both Mr. Major and Mrs. Jackson qualified and, according to the testimony of Mrs. Jackson, she largely left the

administration of the estate to Mr. Major, but did sign checks drawn on an estate bank account. Long before the inception of this litigation in the year 1964, Mr. Major died and, following the death of Mr. Major, Mrs. Jackson engaged the services of T. Sloan Bannister, another member of the Anderson Bar, who also died several years ago. Prior to the commencement of this litigation, no accounting had ever been filed in the Probate Court of Anderson County, and apparently no records of either Mr. Major or Mr. Bannister appertaining to the estate of Mrs. Lewis were available upon the trial.

Prior to the execution of the note and mortgage involved in this action, all assets of the estate of Mrs. Lewis were exhausted, without any provision having been made for the payment, or setting aside, of the legacy in favor of the minor, Leila Lane Walters, hereinabove mentioned. The tract of real estate specifically devised to. Mrs. Jackson was first mortgaged by her, and was afterwards sold, said tract of land being apparently the most valuable asset of the estate.

Mrs. Jackson is a woman in her late sixties. She is a woman of considerable business experience, having, among other things, been a partner in a loan company and owned and operated a restaurant, her recent business ventures, at least, not being too successful. Upon the date when the note and mortgage were executed, she apparently was possessed of no assets of any consequence, except her home, which was already subject to a mortgage, the mortgage in controversy here being a second mortgage thereupon. While there is some dispute in the evidence as to the circumstances attendant upon the execution of the note and mortgage in litigation, it is quite apparent that the parties intended to thereby secure the ultimate payment of such amount of money as the minor Lelia Lane Walters might be legally entitled to the benefit of by virtue of the legacy from Mrs. Lewis.

The face amount of the note and mortgage, in the sum of $4,200, was arrived at by taking the legacy in favor of the

minor, in the amount of $2,500, and calculating thereupon, approximately, compound interest at the rate of six per cent per annum from the date of testatrix's death, and then rounding off such figure.

The case was tried before the Honorable Ernest B. Castles, Judge of the County Court of Anderson, without a jury. From the evidence adduced upon the trial, it would appear that the assets of Mrs. Lewis' estate, aside from the tract of land specifically devised to Mrs. Jackson, were insufficient to pay her debts, testamentary expenses and the various legacies in full. As above mentioned, no records of either of the attorneys involved were available and Mrs. Jackson had no complete record herself. From what records and information she had, and the estate bank account, she and her present counsel of record apparently did the best they could under the circumstances to reconstruct just what had happened with respect to the assets of the estate. From this reconstruction, it would appear, and the county judge found as a fact, that there was available only $3,067.03 for the payment of the pecuniary legacies, which totaled $5,500, with the result of the minor Leila Lane Walters being entitled to benefit of a prorated legacy in the amount of $1,394.-10.

While the appellant objected to the introduction of a part of the evidence upon which the foregoing calculations, and findings of the county judge were based, we do not understand the appellant to contend either that the calculations were substantially incorrect, or that testatrix was possessed of any assets not included therein.

It further clearly appears that the six nieces and nephews of Mrs. Lewis were each paid their legacies of $500 in full, totaling the sum of $3,000. Precisely why this was done does not clearly appear in the evidence.

There is nothing in the will indicating any intent on the part of the testatrix to charge the real estate specifically devised to Mrs. Jackson with the payment

of any of the cash legacies, and, in the absence of any such language in the will, the real estate was not so chargeable. See *Mack v. Stanley*, 190 S. C. 300, 2 S. E. (2d) 792, and cases therein cited. The record reflects that the proceeds of the mortgage given by respondent on the specifically devised real estate were either inadvertently or for convenience deposited in the estate bank account, and afterwards, withdrawn by respondent. Such fact, however, would not make such proceeds chargeable with the payment of the pecuniary legacies.

The county judge held that the note and mortgage here in question were void on the ground that such were without consideration; and ordered the same canceled. His order also approved a plan of security of payment, volunteered by the respondent, of the amount he found to be due the minor by way of a prorated legacy, which plan will hereafter be adverted to in more detail.

Appellant's exceptions are eleven in number, and they collectively occupy some nine pages of the printed transcript of record. There is at least grave doubt as to whether any of such exceptions are sufficiently in compliance with the provisions of Section 6 of Rule 4 of this court, to merit any consideration by this court. Basically involved, however, in this litigation are the rights of the minor, Leila Lane Walters, who is not a party to this action. She not being a party, the decision of the lower court is, of course, not binding upon her, but the order of the lower court has the effect of passing upon and deciding her rights. Without the intervention of this court in the interest of the minor, under the facts of this case, her rights can, in practical effect, be substantially impaired if not destroyed, even though the order is not binding upon her.

It is the duty of this court to see that her rights are protected. See in this connection the recent case of *Cumbie v. Cumbie*, 245 S. C. 107, 139 S. E. (2d) 477. Under these circumstances, we proceed to pass upon

such issues as are conceivably properly raised by the exceptions, as well as those necessary to the protection of the rights of the said minor.

The lower court was clearly in error in holding that the mortgage here was void for want of consideration. The mortgage was under seal, and such fact makes it unnecessary for us to pass upon whether, independently of that fact, there was consideration for said mortgage. The rule is well settled and established in this state by a long line of decisions, that an instrument under seal may not be attacked or set aside for want of consideration in the absence of fraud. *Bandy v. Bandy,* 187 S. C. 410, 197 S. E. 396, and cases therein cited.

While the trial court did not expressly pass upon certain grounds, other than want of consideration, which respondent claimed entitled her to relief from the note and mortgage, it is quite clear that his conclusion (that the note and mortgage were void for want of consideration), was not rested upon or accompanied by any finding of fraudulent conduct on the part of the mortgagee.

The respondent here argues, among other things, that she is entitled to have the note and mortgage corrected in accordance with her actual legal liability in connection with the legacy for the benefit of the minor. The answer to this contention is simply that she did not seek either in her complaint, or by her evidence, a reformation of the instruments, and there is no finding by the lower court appertaining thereto. In brief, whether she is entitled to a reformation of these instruments is an issue not now before us, and as to such we intimate no opinion. With respect to the interests of the minor, who is not a party to this proceeding, we make the following observations.

While the note and mortgage are payable to appellant "as parent and general guardian of the minor", appellant has neither been appointed nor qualified as such general guardian. While we intimate no bad faith on the part of

appellant, who testified that if she got the proceeds of the note and mortgage, she would arrange for the appointment of a guardian and the full protection of the funds, no such guardian has yet been appointed and the payment of the note and mortgage by Mrs. Jackson to Mrs. Walters, without anything further, would not afford to the minor the full protection to which she is entitled, and moreover, would be at least a doubtful acquittance of Mrs. Jackson's obligations to said minor.

The trial judge held that the phrase "for her education", in the codicil to the will, meant for the minor's college years; that until the minor reached college age, the prorated legacy did not bear interest; and approved a plan, volunteered by Mrs. Jackson, whereby she would execute a note and second mortgage on her home, in the sum of $1,394.10, payable to herself as guardian of the minor under the will of Mrs. Lewis, the principal to be payable in four equal annual installments, the first one to become due on August 1, 1968. Since the minor is not a party, we shall not here attempt to pass upon what the testatrix meant by the words "for her education". We do point out, however, that the judge was clearly in error in deciding that the legacy bore no interest. Regardless of when, or for what phase of the minor's education testatrix intended the money to be used, it is clear that the testatrix intended for the legacy to be paid over to Mrs. Jackson as testamentary guardian for the minor, in the course of the administration and settlement of the estate. Here, Mrs. Jackson occupied the dual role of executrix and testamentary guardian and in either capacity, under the clear weight of authority in this state, she was liable for interest computed from one year after the date of testatrix's death. *Hutchison v. Daniel,* 170 S. C. 459, 171 S. E. 13; *Poole v. Bradham,* 143 S. C. 156, 141 S. E. 267. See also cases collected in 19 West's South Carolina Digest, Wills, Key No. 734.

For the foregoing reasons, the judgment of the lower court is reversed and the cause remanded, to the end that

the parties may take such further proceedings as they may be minded in the light of the views herein expressed and with the admonition that counsel and the court should be cautious to see that the rights of the minor are legally and practically protected in whatever is done.

Before any other or further proceedings in the premises, there should be appointed for the minor a guardian *ad litem* who will not treat the appointment as a pure formality, but who will understand and perform his legal duties and obligations in that capacity. With respect to such duties and obligations attention is again called to the case of *Cumbie v. Cumbie, supra,* and the cases therein cited.

In conclusion, it might not be amiss to point out that the finding of the county judge, to the effect that there was only $1,394.10 available for the payment of the legacy here involved, is not binding upon the minor, and in any further proceedings the minor is, of course, entitled to show any factual, legal or equitable reasons why she is entitled to the benefit of a greater amount.

Reversed and remanded.

TAYLOR, C. J., and MOSS, LEWIS and BRAILSFORD, JJ., concur.