0755

MoEden BLACKWELL, as executrix of the estate of George F. Blackwell, Appellant v. Dianna P. BLACKWELL, Respondent, Marylyn B. POWELL, Susan B. Jeter, Judy Ann Blackwell, and Dianna Paige Blackwell, Respondents v. MoEden BLACKWELL, individually and as executrix of the estate of George F. Blackwell, Appellant.

(346 S. E. (2d) 731)

Court of Appeals

*E. LeRoy Nettles, Sr.*, of *Nettles, Floyd, Turbeville & Reddeck*, Lake City, *for appellant.*

*Corinne B. Cannon*, of *Cannon & Cannon*, Clemson, *for respondents.*

Heard April 14, 1986.

Decided July 21, 1986.

BELL, Judge:

These cases involve a dispute between a stepmother and her four stepdaughters over transactions which allegedly took place between the daughters and their deceased father, the stepmother's husband.

In the first case, the stepmother, MoEden Blackwell, as executrix of the estate of George F. Blackwell, sued her stepdaughter, Dianna P. Blackwell, for actual and punitive damages for alleged conversion of a certificate of deposit. The circuit court found as a fact that the certificate of deposit had been delivered to Dianna, as a payee, at the request of George Blackwell while he was still living. The court, therefore, held there was no conversion and entered judgment dismissing the complaint. The stepmother appeals. We affirm.

In the second case, the four daughters of George Blackwell sued his estate seeking foreclosure of a mortgage which allegedly secured a debt of $15,000 evidenced by a promissory note executed by George during his lifetime. The estate contends the mortgage is invalid because there was no underlying debt to be secured. Without making a finding as to the existence of a debt, the circuit court ordered foreclosure on the ground that the mortgage is under seal. The estate appeals. We reverse and remand.

I.

An action for damages for conversion is an action at law. *See Kaplan v. Cavicchia*, 107 N. J. Super. 201, 257 A. (2d) 739 (1969). In an action at law where the appeal is based on alleged errors of fact, if there is any evidence which reasonably supports the findings of fact of the trial court, this Court must affirm the judgment. *Fox v. Munnerlyn*, 283 S. C. 490, 323 S. E. (2d) 68 (Ct. App. 1984).

It is undisputed that George Blackwell purchased a six-month certificate of deposit for $17,820 in January 1980. The certificate was payable to George, or his wife MoEden, or his daughter Dianna, or his daughter Susan. It was renewed for another six months in July 1980.

During the 1980 Christmas holidays, George's four daughters visited him and MoEden in their home. MoEden alleges that Dianna stole the certificate of deposit during the visit. However, there is testimony that during this period the certificate of deposit was given to Dianna by her older sister Marylyn, who did so at George's request. Dianna cashed the certificate, purchased a new certificate, and regularly remitted the interest payments to George during his life. At the time of trial, the principal was still intact.

As there is evidence reasonably supporting the court's finding that the certificate was delivered to Dianna at the direction of her father, the judgment dismissing the conversion claim must be affirmed.

## II.

In September 1975, Marylyn voluntarily conveyed a two-acre tract of land to George. In June 1976, George executed a negotiable promissory note for $15,000 at seven per cent interest payable on demand to the four daughters. He simultaneously executed a mortgage on the two-acre tract to secure the note. The mortgage was under seal, but the note was not. George made no payments of interest or principal during his lifetime. Other than the note, there is no evidence that George owed a debt of $15,000 to his four daughters. There was testimony that the mortgage was given to place the property beyond the reach of George's creditors or to keep it from falling into the hands of MoEden.

In South Carolina, a mortgage is a mere security for a debt. *Patterson v. Rabb*, 38 S. C. 138, 17 S. E. 463 (1893); *Williams v. Lawrence*, 194 S. C. 1, 8 S. E. (2d) 838 (1940). Care must be taken to remember that a security instrument is not a debt; at most it is evidence of a debt. *Patterson v. Rabb, supra.* A mortgage is different from other instruments in that, in order for it to be a valid instrument, there must be a debt or obligation of the mortgagor for which it is given as security. *Williams v. Lawrence, supra.* If there is no debt, then there is no valid mortgage. *Duckworth*

*v. McKinney*, 58 S. C. 418, 36 S. E. 730 (1900). A mortgage given, not to secure a bona fide debt, but to place property beyond the reach of creditors, is null and void. *Williams v. Lawrence, supra.*

In this case, the circuit court made no finding as to the existence of an underlying debt. Instead, the court held that because the mortgage was under seal, the seal imports a good consideration for the mortgage. Relying on *Jackson v. Walters*, 246 S. C. 486, 144 S. E. (2d) 422 (1965), the court concluded there was no need to determine independently of the seal whether the mortgage secured an actual debt.

The trial court's analysis fails to differentiate between the mortgage and the obligation it secures. The reasoning adopted by the circuit court in this case was rejected by the Supreme Court in *Duckworth v. McKinney, supra*, an action to foreclose a mortgage:

> The contention on the part of the appellant that while *failure* of consideration of an obligation under seal, may be set up as a defense to an action on such an instrument, yet want of consideration cannot, as the seal imports a consideration, cannot avail the appellant in this case, ... [b]ecause the note, which constitutes the substratum of plaintiff's action, was not an instrument under seal.... And if the note was without consideration, then there was no debt, and if no debt, then there could be no valid mortgage.

*Id.*, 58 S. C. at 426, 36 S. E. at 733.

*Jackson v. Walters, supra*, is distinguishable. In that case, the executrix of a will gave a second mortgage on real property to the guardian of a minor to secure the payment of a pecuniary legacy to the minor, who was a beneficiary under the will. The will directed the money to be used for the minor's education. The mortgagor admitted the existence of the underlying obligation. However, she argued there was no consideration for the subsequently given mortgage, since the named mortgagee, the minor's guardian, had given no value

for the mortgage.[1] The Court rejected the argument, noting the mortgage was under seal. Since the existence of the underlying obligation was established, the result reached by the Court was plainly correct.

The issue in this case is different from that in *Jackson v. Walters*, since the existence of an underlying debt is disputed. The circuit court made no finding on this key issue and the record is not adequate for this Court to reach its own view of the preponderance of the evidence. Accordingly, we reverse the order of foreclosure and remand the case to the circuit court to take evidence and to make a specific finding on the existence and amount, if any, of the underlying debt.

Affirmed in part; reversed in part and remanded.

SANDERS, C. J., and SHAW, J., concur.

---

[1] Relying on *Koster v. Welch*, 57 S. C. 95, 35 S. E. 435 (1900), the mortgagee argued that the mortgage was valid without consideration, since it was under seal. This argument involved a misreading of *Koster v. Welch*. In that case, the mortgagor gave a bond for the payment of preexisting debts. The bond was secured by a mortgage. The mortgagor claimed there was no consideration for the bond. In other words, the validity of the underlying debt was being challenged in order to take advantage of the rule "no debt, no mortgage." Since the bond was a sealed instrument, the Court held it was a valid debt instrument without proof of consideration. Thus, the mortgage was also valid. In *Jackson v. Walters* a different argument was being made. There the mortgagor took the position that a subsequent mortgage must be supported by new consideration, even though the underlying debt was admitted. This argument involved the misapplication of contract principles to the law of mortgages. Unfortunately, the Court's opinion simply ruled against the argument without analyzing the fallacy behind it.