479 S.E.2d 846

**FIRST UNION NATIONAL BANK OF SOUTH CAROLINA, as Personal Representative of the Estate of William J. Shealy, Appellant,**

v.

**Wilson SHEALY, Respondent.**

**No. 2603.**

Court of Appeals of South Carolina.

Submitted Nov. 6, 1996.

Decided Dec. 9, 1996.

Rehearing Denied Jan. 24, 1997.

Robert Y. Knowlton and John F. Emerson, both of Sinkler & Boyd, Columbia, for appellant.

S. Jahue Moore, of Kirkland, Wilson, Moore, Allen, Taylor & O'Day, West Columbia, for respondent.

PER CURIAM:

First Union National Bank of South Carolina (First Union), in its capacity as trustee of two trusts established by Dr. William J. Shealy (Dr. Shealy) for the benefit of his wife and children, brought this action against Wilson Shealy (Wilson), seeking recovery of title to an interest in real property. First Union appeals from the trial court's grant of Wilson's motion for summary judgment. We reverse.[1]

### *Facts*

The facts of this case are essentially undisputed. Upon the death of Dr. Shealy's mother in 1965, a 65–acre tract of real

---

1. Because oral argument would not aid the court in resolving any issue on appeal, we decide this case without oral argument pursuant to Rule 215, SCACR.

property located in Lexington County (the Roland Place) descended in equal one-quarter shares to Dr. Shealy and his three brothers, Frank Shealy, Charles Shealy, and Wilson Shealy. Dr. Shealy died in 1987.

Prior to his death, Dr. Shealy executed a deed dated August 11, 1975, purporting to convey his one-quarter interest in the Roland Place to Wilson. However, Dr. Shealy did not inform Wilson of the conveyance, nor did he deliver the deed to him; rather, Dr. Shealy placed the deed in a sealed envelope marked "Safekeeping" and gave it to Charles Shealy, who was at that time the Clerk of Court for Lexington County. Dr. Shealy did not tell Charles what the sealed envelope contained. According to Charles, the following colloquy occurred when Dr. Shealy handed him the sealed envelope:

He [Dr. Shealy] said, "Keep this for me. I'll let you know when to do something with it or when I want it known," something to that effect. I said, "Well, what is it?" He said, "If I had wanted you to know, I would have told you, but I have done something for somebody that's done so much for me."

Dr. Shealy also told Charles that: "You'll be told when to open it, and you'll know what to do with it."

Dr. Shealy never took any further action regarding the deed during his lifetime. Several months after Dr. Shealy's death in 1987, Charles opened the envelope, informed Wilson of its contents, and, on December 3, 1987, recorded the deed in Lexington County. It is undisputed Wilson first learned of the deed after Dr. Shealy's death.

First Union brought this suit in 1994 alleging that Wilson's title to Dr. Shealy's interest in the Roland Place was defective inasmuch as the deed purporting to convey the interest was never effectively delivered and that Dr. Shealy's interest actually passed into a testamentary trust. Wilson answered alleging the deed was effectively delivered and counterclaimed alleging slander of title. Prior to trial, both parties moved for summary judgment and agreed to have the case resolved on the summary judgment motions. By order dated September 8, 1995, the trial court granted Wilson's motion for summary judgment on First Union's claim, finding the deed was effec-

tively delivered but denying his claim for slander of title. This appeal followed.

### Discussion

On appeal, First Union argues the trial court erred in finding the 1975 deed purporting to convey Dr. Shealy's interest in the Roland Place to Wilson was effectively delivered. We agree.

It is a well established rule of law that a deed is not legally effective until it has been delivered. *Johnson v. Johnson*, 44 S.C. 364, 22 S.E. 419 (1895); *Durham v. Blackard*, 313 S.C. 432, 438 S.E.2d 259 (Ct.App.1993). There is no prescribed method for an effective delivery of a deed; manual transfer of the instrument into the hand of the grantee is neither required to effectuate a valid delivery, nor is such transfer dispositive of the issue. *See May v. Jeter*, 245 S.C. 529, 141 S.E.2d 655 (1965); *Harris v. Saunders*, 21 S.C.Eq. (2 Strob.Eq.) 370 (1848). Delivery is a question of intent. *Morgan v. Morgan*, 116 S.C. 272, 108 S.E. 110 (1921). The legal effectiveness of a deed delivery "rests not in words written, but in things done and said." *Williams v. Lawrence*, 194 S.C. 1, 8 S.E.2d 838 (1940). The term delivery in this regard refers to "not so much a manual act but the intention of the maker ... existing at the time of the transaction not subsequently and not subject to later change of mind." *Little v. Little*, 215 S.C. 52, 60, 53 S.E.2d 884, 888 (1949). That is, an effective delivery of a conveyance contains two parts: (1) an intention to deliver, and (2) an act evincing a purpose to part with control of the instrument. *Powers v. Rawles*, 119 S.C. 134, 112 S.E. 78 (1922). It has long been recognized that neither of these two parts is, standing alone, sufficient to constitute delivery; rather, the parts must exist concurrently. *Carrigan v. Byrd*, 23 S.C. 89 (1885).

Here, the trial court found that Dr. Shealy effectively delivered the subject deed by giving the document to Charles. The court based its ruling, in large part, on the absence of a clear statement by Dr. Shealy indicating he did not intend to deliver the deed. This was error.

Dr. Shealy's actions, both at the time he transferred the sealed envelope to Charles and thereafter, belied an immedi-

ate intent to divest himself of control over the document or to divest himself of his interest in the property. *Baptist Found. for Christian Educ. v. Baptist College at Charleston,* 282 S.C. 53, 58, 317 S.E.2d 453, 457 (Ct.App.1984) (mere intention to give without delivery is unavailing, the intention must be executed by a complete and unconditional delivery). Although Dr. Shealy relinquished physical possession of the deed to Charles, he did not tell Charles the content of the envelope and did not authorize Charles to take any steps to learn of its contents. To the contrary, Dr. Shealy explicitly refused to tell Charles that the envelope contained a deed purporting to transfer his property rights to Wilson and directed him not to open the envelope or take any action regarding its content absent further instructions. In fact, the record on appeal is devoid of any evidence indicating Dr. Shealy told anyone that he intended to divest himself of his property rights at the time he executed the deed. Instead, he stated he would let Charles know, at some time in the future, when he wanted the contents of the envelope made known. *See Morgan v. Morgan,* 116 S.C. 272, 108 S.E. 110 (1921) (where grantor after executing deeds conveying land, retained possession of the land and continued to hold the deeds, the deeds were ineffective, there having been no delivery). Moreover, it is uncontroverted Dr. Shealy continued to receive his share of income from the property even after he executed the deed and gave it to Charles.

█ Wilson argues that Dr. Shealy's statement to Charles that he had "done something for someone" evidenced his belief that delivery of the deed was a completed act not subject to a later change of mind. This argument, however, ignores Dr. Shealy's retention of control over the document. Again, Dr. Shealy handed the envelope containing the deed over to Charles but forbade him to take any action regarding its contents until the occurrence of a future event. We can discern no reason why Dr. Shealy could not have, if he chose to do so, consciously decided to never instruct Charles to take any further action regarding the contents of the envelope. We find the retention of such control over the instrument paramount to retention of the instrument itself. Where a grantor retains such control over an instrument, a valid delivery cannot be said to have occurred. *See Little v. Little,* 215

S.C. 52, 60, 53 S.E.2d 884, 888 (1949) (delivery occurs when the grantor, at the time of the purported delivery, intends to divest himself of title and vest title in the grantee).

 Finally, we agree with First Union that the trial court erred in finding that a valid delivery occurred while also finding Wilson did not gain any interest in Dr. Shealy's share of Roland Place until after Dr. Shealy's death. A grantor may not use a deed to transfer an interest which will take effect after the grantor's death. *Burke v. Burke*, 141 S.C. 1, 139 S.E. 209 (1927). A deed must transfer its interest, if at all, during the lifetime of the grantor. *May v. Jeter*, 245 S.C. 529, 141 S.E.2d 655 (1965).

Accordingly, the order of the trial court is

**REVERSED.**

CURETON, GOOLSBY and ANDERSON, JJ., concur.