**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The Estate of Gordon Bridwell, Jr., by Raymond Eddie Bridwell, Personal Representative, Respondent,

v.

Life and Hope Assembly of God, Mary Ellen Harris, and John Doe, Representing unknown persons claiming to Life and Hope Assembly of God, Appellants.

Appellate Case No. 2012-205726

Appeal From Greenville County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2015-UP-445
Submitted July 1, 2015 – Filed August 26, 2015

**AFFIRMED**

Candy M. Kern-Fuller, of Upstate Law Group, LLC, of Easley, for Appellants.

George Eugene Lafaye, IV, of Greenville, for Respondent.

**PER CURIAM:** Life and Hope Assembly of God (Church), Mary Ellen Harris (Pastor), and John Doe (collectively, Appellants) appeal the trial court's order ruling real property owned by decedent Gordon Bridwell (Decedent) belonged to Decedent's estate (Decedent's Estate) and not to Church.  Decedent's Estate asserts this court lacks jurisdiction to hear this appeal.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to jurisdiction: *Wise v. S.C. Dep't of Corr.*, 372 S.C. 173, 174, 642 S.E.2d 551, 551 (2007) ("When the remittitur has been properly sent, the appellate court no longer has jurisdiction over the matter and no motion can be heard thereafter." ); *id.* ("The only exception to this rule is when the remittitur is sent down by mistake, error[,] or inadvertence of the [c]ourt.").

2.  As to whether the trial court erred in concluding Decedent did not intend for the deed to have immediate effect: *Donnan v. Mariner*, 339 S.C. 621, 625-26, 529 S.E.2d 754, 756-57 (Ct. App. 2000)  (stating if a trial court has found a case to be in equity and the ruling was not appealed, then an appellate court would treat the case as if it was in equity); *Skipper v. Perrone*, 382 S.C. 53, 57, 674 S.E.2d 510, 512 (Ct. App. 2009) ("When reviewing an action in equity, this court may review the evidence to determine facts in accordance with our own view of the preponderance of the evidence."); *id.* (stating in an action in equity, this court must not disregard the findings of the trial court, which saw and heard the witnesses and was in a better position to evaluate their credibility); *First Union Nat'l Bank v. Shealy*, 325 S.C. 351, 355, 479 S.E.2d 846, 848 (Ct. App. 1996) ("It is a well established rule of law that a deed is not legally effective until it has been delivered."); *id.* ("There is no prescribed method for an effective delivery of a deed; manual transfer of the instrument into the hand of the grantee is neither required to effectuate a valid delivery, nor is such transfer dispositive of the issue."); *id.* ("[A]n effective delivery of a conveyance contains two parts: (1) an intention to deliver, and (2) an act evincing a purpose to part with control of the instrument."); *Donnan*, 339 S.C. at 628, 529 S.E.2d at 757 (stating in order for there to be a valid delivery, a grantor must deliver the deed prior to his or her death).

3.  As to whether the trial court erred in concluding Church did not exist at the time of execution or the time of purported delivery: *Foster v. Foster*, 384 S.C. 380, 384-85, 682 S.E.2d 312, 314 (Ct. App. 2009) (stating a deed that names a grantee that does not exist is void); *Perrone*, 382 S.C. at 57, 674 S.E.2d at 512 (stating on appeal from an action in equity, this court must not disregard the findings of the

trial court, which saw and heard the witnesses and was in a better position to evaluate their credibility).

4.  As to whether the trial court erred in failing to grant a continuance: *Hudson v. Blanton*, 282 S.C. 70, 74, 316 S.E.2d 432, 434 (Ct. App. 1984) ("Motions for a continuance are also addressed to the sound discretion of the trial [court], and [its] ruling will not be upset unless it clearly appears that there was an abuse of discretion to the prejudice of the movant.").

**AFFIRMED.**[1]

**FEW, C.J., and HUFF, and WILLIAMS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.