17345

M. D. HOLLING and GLADYS STURCKEN HOLLING, RUTH NEWMAN BUCKHEISTER, MILTON F. NELSON and LOIS S. NELSON, in their own right and in behalf of others similarly situated and of like mind, Respondents, v. NICHOLAS MARGIOTTA, JOHN A. MARGIOTTA and MUTUAL REALTY CO., a Corporation, Appellants

(100 S. E. (2d) 397)

678

*Morris D. Rosen, Esq.,* of Charleston, *for Appellants,*

*Messrs. S. S. Seideman, M. L. McCrae* and *Jack P. Brickman,* of Charleston, *for Respondents,*

November 4, 1957.

STUKES, Chief Justice.

This is an action in equity to enforce by injunction restrictive covenants which relate to the lots in Stono Park subdivision in Charleston County. It was created in 1939, consisting of 124 lots, all of which were restricted to residential purposes except one which was designated No. 1 of block A, at the corner of U. S. Highway 17 and the Wappoo road. That lot is owned by one or more of the defendants and the front of it is occupied by a gasoline filling station and grocery store; at the rear was the sewing machine store and shop of the individual defendants. The corporate defendant, of which the individual defendants are the sole stockholders, acquired the adjoining lot on the highway, which is No. 2, in January, 1956. Toward the rear and side (the southwest corner) of it was an occupied two-family garage apartment, part of the first floor of which was used by the grocery store for storage. The rest of the lot, the front of it, was and is used for free parking of vehicles of customers of the adjacent stores.

There is a civic club composed of the residents of the subdivision, of which the individual defendants are members and were formerly active in their cooperation to compel others to observe the restrictions. However, immediately upon the purchase by their corporation of lot No. 2 they converted the existing residential apartment into a commercial building by connecting it with the rear of the store building on lot No. 1, whereby their sewing machine establishment was extended into the first floor of the former apartment building. Its front was changed to include commercial display windows and an entrance from the highway was

provided over lot No. 2. The outside front of the renovated building was painted with large multi-colored signs advertising the sewing machine business.

. This action was commenced on May 4, 1956 by several residents of the subdivision in behalf of themselves and others similarly situated for injunction against the continued use of lot No. 2 in violation of the restrictive covenants. The master took the testimony, found the facts and recommended that the defendants and their representatives be enjoined from further use of lot No. 2 in violation of the covenants. Defendants' exceptions to the report were overruled by the court which issued its injunction against further commercial use of the lot and ordered the defendants to reconstruct the building, alter the appearance of it to that of a residence and relocate it to conform to the applicable restriction concerning side-line setback, all within thirty days from the date of the decree.

Defendants appeal and first contend that the character of the subdivision has so changed by the development of businesses nearby that it is inequitable to now enforce the covenants. Across the highway there are business establishments, but they are not within the boundaries of the subdivision. *Martin v. Cantrell,* 225 S. C. 140, 81 S. E. (2d) 37. In it there have been allowed a tourist home in a residence on the highway, a radio and T. V. shop in the garage at another residence, and one resident does automobile repairs gratis for his friends. These activities are inconsequential and have not changed substantially the residential character of the subdivision. *Pitts v. Brown,* 215 S. C. 122, 54 S. E. (2d) 538. The concurrent findings of the master and the court on this and other facts are conclusive upon appeal because they are not without evidence to support them and are not against the clear preponderance of the evidence. *Archambault v. Sprouse,* 218 S. C. 500, 63 S. E. (2d) 459.

The instrument whereby the restrictive covenants were created provides for the termination of them on January 1, 1963, with the following quoted pro-

vision, the effect of which need not be determined for the purpose of the decision of this appeal "However the covenants and restrictions herein contained, or any portion thereof, may be extended for additional periods of time by making appropriate provisions therefor." Appellants contend that this apparent, comparatively early end of the restrictions make inequitable the present enforcement of them. We do not agree. Under the facts here, the plaintiffs and other residents of the subdivision are entitled to enjoy the benefits of the restrictions as well during the last six years of the term as any other like period of it. The following comment is quoted from the annotation in 4 A. L. R. (2d) at page 1183:

"The fact that the major portion of the expressed term of a restrictive covenant may or may not have expired appears to be of minor importance in most cases; the determining factor is whether the object of such a covenant has been so nearly destroyed by changed conditions as to render its enforcement inequitable or oppressive. Where the purpose of a restrictive covenant may yet be accomplished despite the changed character of the neighborhood, the courts will grant injunctive relief against its breach or deny cancelation thereof, notwithstanding its term is about to expire."

However, the imminence of the end of the restrictions *sub judice* does militate to make equitable the modification of the mandatory feature of the injunction which was granted by the lower court, and that will be done by the mandate of this court. As altered, which was at the expense of about $3,000.00, the building on lot No. 2 is little changed in outward appearance from that when it was used for a residential apartment (and storage of groceries on the ground floor) except for the signs painted upon it and it would be inequitable to compel the costly reconversion of it to its former appearance and location, in view of the absence of commensurate benefit to the other lot-owners during the relatively short remaining life of the restrictions.

Comparable result was reached in *Forstmann v. Joray Holding Co.,* 244 N. Y. 22, 154 N. E. 652, 655, although there the neighborhood had changed substantially from residences to business. It was concluded as follows: "Under these conditions, even if defendants might in the exercise of discretion properly have been enjoined from proceeding with their proposed building, equity will not order them to pull down their structure when they might restore it after the lapse of two years. * * * It would be inequitable to grant the (mandatory) injunctive relief * * * for the reason that it would 'bear heavily on the defendants without benefiting the plaintiffs.'" Similarly, injunction was refused in *McClure v. Leaycraft,* 183 N. Y. 36, 75 N. E. 961, 5 Ann. Cas. 45, where the restriction had six years to run. Other pertinent decisions are digested in the annotation *supra,* 4 A. L. R. (2d) 1183-1187.

We find no error in the conclusion of the lower court that the defendants failed to make out their defenses of laches, estoppel and waiver on the part of the plaintiffs. The free parking on the unoccupied portion of lot No. 2 by customers while shopping in the nearby stores is not an objectionable commercial use of the lot. Utilization of the first floor of the garage apartment as a storage place for the adjacent grocery was an insubstantial commercial use. These very limited uses for non-residential purposes were not objected to by plaintiffs or the other residents of the subdivision but should not, in equity be held to have estopped them from asserting their right against the subsequent substantial violation by defendants. *Pitts v. Brown, supra,* 215 S. C. 122, 54 S. E. (2d) 538. Several of the other lot-owners objected to the alterations by the defendants before they were hastily completed, and when the protests failed this action was commenced with reasonable promptness. In short, plaintiffs were diligent. *Archambault v. Sprouse, supra,* 218 S. C. 500, 63 S. E. (2d) 459. *Maxwell v. Smith,* 228 S. C. 182, 89 S. E. (2d) 280.

Appellants complain that the injunction should have been expressly limited in duration to the term of the restrictions. However, the master found that the restrictions will terminate on January 1, 1963, which was confirmed by the court, and plaintiffs have not excepted. That adjudication is, therefore, the law of this case and limits the duration of the injunction. Appellants further complain that the costs and disbursements of the action should not have been assessed against them but we find no error in that usual course.

As indicated above, we do not think that equity requires that appellants should be put to the expense of the physical reconversion of their building on lot No. 2 to conform to its former appearance and location. In that respect the decree of the court is modified in part; but upon filing of the remittitur herein the appellants shall immediately cease commercial use of the building, except for storage; and within thirty days thereafter shall obliterate the signs and advertisements which are upon it.

Affirmed as modified.

TAYLOR, OXNER, LEGGE and MOSS, JJ., concur.