### 21974

Bessie C. Wolfe HILL, Appellant, v. The BEACH CO., et al., Respondents. and Henry C. THOMAS and Pat M. Thomas, Appellants, v. The BEACH CO., et al., Respondents. and Addison Henry DeBOI and Susan Louise DeBoi, Appellants, v. The BEACH CO., et al., Respondents. and Hugh HADSOCK, Appellant, v. The BEACH CO., et al., Respondents.

(306 S. E. (2d) 604)

*Rosen, Oberman & Rosen,* Charleston, *for appellants.*

*Bailey & Buckley,* and *Long & Smith,* Charleston, and *Ronald L. Motley,* Barnwell, *for respondents.*

Aug. 10, 1983.

LEWIS, Chief Justice:

Respondent Beach Company owns a rather large area of accreted lands on the Isle of Palms, South Carolina, which lies between the lands of appellants and the ocean front. This controversy arose over appellants' right to cross the lands of respondent in going to and from the beach. The question for determination is whether the trial judge erred in holding that appellants' easement of access to the Isle of Palms front beach was limited to certain designated areas of ingress and egress, thereby permitting respondent to develop the intervening area. We affirm.

The facts of this case are fully set forth as part of our prior decision in *State v. The Beach Company*, 271 S. C. 425, 248 S. E. (2d) 115. By way of brief review it appears that over the course of fifty years a natural process of accretion has created substantial new land, suitable for development, south of Ocean Boulevard on the Isle of Palms. In *State v. The Beach Company, supra*, we upheld the fee simple title to these lands in the respondent against a claim by the State that the property had been dedicated to public use. On that occasion we reserved the issue of private rights that might exist in lot owners along the northern side of Ocean Boulevard.

This case raises the precise issue which we previously reserved. A number of lot owners whose properties lay north of Ocean Boulevard, and who stood to lose their uninhibited view and access across the accreted land, brought action to prevent development by the Beach Company. Among the theories advanced were claims of estoppel and prescriptive rights. The trial court received extensive testimony as well as documentary evidence, concluding in the end that the plaintiffs had a right to access to the ocean across the accreted lands but that this right of access could not bar development by the Beach Company as fee simple owner of the property. Reasonably, the Beach Company offered to provide a number of pedestrian pathways across its lands at designated intervals for the convenience of the plaintiffs. The trial court accepted this offer and issued a well reasoned order affirming the defendant's right to develop its property while assuring plaintiffs' right to cross the property and reach the ocean. This was an equitable disposition of plaintiffs' claims.

In our view, the appellants' claim amounts to a prescriptive right to ocean view, breezes, light and air. Such right does not exist in South Carolina. *Schroeder v. O'Neill,* 179 S. C. 310, 315, 184 S. E. 679. Seeking to avoid this conclusion, the appellants draw upon the ruling in *Epps v. Freeman,* 261 S. C. 375, 200 S. E. (2d) 235, wherein we found that open spaces within a developer's plat as grantor could not be subsequently exploited by such developer in disregard of equitable rights arising in the grantees. In that case, the lot owners were named as defendants in actions by the developer to quiet title to a swash laying between lots of the defendants and the ocean.

The decisive factor in *Epps* was the nature of the plat itself. We rested our holding upon the fact that the swash lay clearly within the boundaries of the subdivision plats without reservation of right in the developer to the open spaces. 261 S. C. at 388-389, 200 S. E. (2d) 235. The plat was reproduced in the opinion. 261 S. C. at 377, 200 S. E. (2d) 235.

The case at bar presents completely different facts from the *Epps* case. The plats in the record before us contain no real subdivision boundary but rather a simple bold line designating the high water mark around the Isle of Palms. We noted in *State v. The Beach Company, supra,* that no reference is made to the waterline as a boundary. In *Epps* there appeared both a high waterline and a boundary for each subdivision unit. The present case is thus clearly distinguishable in that we can find no intention by the developer to encompass open spaces within its grant to these plaintiff lot owners or their predecessors. The result in this case is not controlled by *Epps,* a conclusion correctly reached by the trial court.

Accordingly we affirm the judgment of the trial court as to all issues.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.