487 S.E.2d 179

**RIVER HILLS PROPERTY OWNERS
ASSOCIATION, INC., Appellant,**

v.

**Fred AMATO and Roseanne Amato, Respondents.**

No. 24627.

Supreme Court of South Carolina.

Heard May 7, 1997.

Decided June 2, 1997.

Rehearing Denied July 10, 1997.

256

William E. Lawson and Robert H. Gwin, III, both of Lawson & Gwin, Myrtle Beach, for appellant.

John R. Clarke, North Myrtle Beach, for respondents.

MOORE, Justice:

Appellant appeals the master's denial of a permanent injunction to enforce restrictive covenants contained in a deed for a lot owned by respondents. We reverse and remand.

## FACTS

Respondents Fred and Roseanne Amato own a golf course lot in the River Hills subdivision in Little River. The master

deed contains several restrictive covenants concerning the lots. Among other things, prior written approval is required from the Architectural Review Board (ARB) of the River Hills Property Owners' Association when building a pool or fence.

In early May 1995, the Amatos decided to build a swimming pool in their backyard. Local ordinances require that a fence enclose the pool. The Amatos requested the ARB's approval for the pool and fence after beginning construction. The ARB denied approval "due to aesthetics and reductions of golf course view from neighboring lots" and suggested changes which the Amatos could make in order to gain approval. Specifically, the ARB did not want to approve a fence which would enclose the entire backyard. Therefore, the ARB suggested that the fence be built farther back from the property lines.

The Amatos continued with construction of both the pool and fence. The ARB sought a temporary injunction to halt construction of the fence. A temporary injunction was issued in June 1995. The master held a hearing on the merits in August 1995. The master lifted the temporary injunction and ruled that the ARB had acted capriciously and arbitrarily in denying the Amatos approval. The ARB appeals.[1]

## ISSUES

1) Did the master err in ruling that the ARB had acted unreasonably and in bad faith?

2) Did the master err in finding the developer had the right to limit application of the restrictive easements?

## DISCUSSION

1) Unreasonableness and Bad Faith

█ The ARB contends the master erred in finding the ARB had acted unreasonably and in bad faith in denying the Amatos approval. We agree.

---

1. An action to enforce restrictive covenants by injunction is in equity. *Holling v. Margiotta*, 231 S.C. 676, 100 S.E.2d 397 (1957). On appeal, in an equitable action tried by a master alone, we can find facts in accordance with our view of the evidence. *Townes Associates, Ltd. v. City of Greenville*, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).

The River Hills community is a golf course community with homes ranging in value from $140,000 to $400,000. The master deed has several restrictive covenants. The pertinent ones are set out below. Article IX states, in part:

Except for original and initial construction ... no building, wall, fence, ornamentation or other structure or improvements of any nature shall be erected, placed or altered on any Lot until the construction plans and specifications and a plan showing the location of the structure and landscaping as may be required by the [ARB] have been approved in writing by the [ARB].... *Refusal of approval of plans, specifications and plot plans, or any of them, may be based on any ground, including purely aesthetic grounds, which in the sole and uncontrolled discretion of said [ARB] seem sufficient.*

(emphasis added). Section 5 of Article VI, pertaining to lots adjacent to the golf course, states: "No fences shall be allowed on lots bordering the golf course, except as required by governmental authorities." Section 14 also prohibits fences, except as required by governmental authorities, and provides that "[t]he design and materials used for any fence must be approved by the [ARB] prior to placement on the property."

There are several other sections which provide for setbacks from property lines. The Amato's lot has a rear setback of 30 feet and side setbacks of 12.5 feet. Finally, the master deed provides for a "Golf Course Maintenance Easement Area" which extends 20 feet from the rear setback of golf course lots. It further provides that the easement may be waived by the "Declarant" or its successors or assigns. The Declarant is the River Hills Limited Partnership. The River Hills Golf & Country Club (Golf Course) is the general partner of this partnership.

On May 3, 1995, about the time construction began, the Amatos submitted rough drawings to the ARB which placed the fence 25 feet from the rear property line, 3 feet from the left side property line, and 2 feet from the right side property line. On May 10th, the ARB requested the Amatos submit more detailed plans and specifications and stop construction. The construction continued and on May 16th, the ARB sent the Amatos a letter fining them $100.00. The Amatos were

also informed there would be a meeting of the Board of Directors for the ARB on May 18th. The Amatos did not attend this meeting.

On May 24th, the ARB sent the Amatos another letter imposing a $300.00 fine for failing to respond to the first letter and continuing construction. The ARB wrote a third letter on May 30th, rejecting the Amatos' request for approval on the ground there had been no further contact or information submitted as previously requested. On June 5th, the ARB received a more detailed plan from the Amatos. At a meeting on June 7th, the ARB gave the Amatos a letter stating it would approve the fence if the Amatos built the fence 30 feet from the rear property line, 12.5 feet from the left side property line and aligned the fence with the house on the right side, 20.5 feet from the right side property line.[2]

The Amatos also sought a waiver of the golf course maintenance easement from the Golf Course. On May 26, 1995, the Golf Course stated it would grant a waiver if the fence was set back 25 feet from the rear property line and if it approved the plans for the fence design and location which the Amatos would have to submit in print.

The ARB contends the master erred in concluding the ARB had acted discriminatorily and capriciously in requiring the Amatos to move the fence back 30 feet from the back side line, and to move the fence in from the side line because the fence does not violate any specific restrictive covenant. We agree. The master overlooked Article IX, the restrictive covenant which states that the ARB can deny approval of a fence on any ground, including aesthetics. The ARB's disapproval does not have to be grounded upon a violation of a specific restrictive covenant.

In *Palmetto Dunes v. Brown*, 287 S.C. 1, 336 S.E.2d 15 (Ct.App.1985), the Court of Appeals addressed a similar issue. The court held a covenant which provides that disapproval of a plan vests the ARB with discretion constrained only by reasonableness and good faith. In *Palmetto Dunes*, the ARB denied approval of house plans because the garage overpow-

---

**2.** The ARB also requested the Amatos specify the building materials and submit the required $250.00 bond which would be returned upon approval of the completed fence.

ered the house. The court held the ARB's reasons for disapproval must bear a reasonable relation to the other buildings or general plan of development and the ARB had a right to disapprove plans which would mar the general appearance of the subdivision and thus diminish the overall quality of the development. *Id.;* see also *Sea Pines Plantation Co. v. Wells,* 294 S.C. 266, 363 S.E.2d 891 (1987)(held the ARB of a subdivision did not act unreasonable when it disapproved modifications for aesthetic reasons).

Here, the ARB stated it denied approval because of aesthetics and it did not want the entire yard fenced which would reduce the view of the golf course. This conclusion is supported by the other covenants which prohibit fences unless enclosing a pool which is required by law. Accordingly, we find the master erred in finding the ARB acted arbitrarily in denying approval.

2) Developer's right to limit application

■ The Golf Course is the general partner of the Declarant or River Hills Limited Partnership, the developer. The Golf Course waived its golf course maintenance easement and approved the fence. The master ruled the Golf Course's waiver and approval obviated the need for the ARB's approval because in the preamble to the restrictive covenants the developer reserved unto itself the right to limit the application of any provision of the restrictive covenants. The ARB contends this was error. We agree. The Golf Course merely waived its easement. The Amatos were not granted a waiver of the restrictive covenant requiring ARB approval. Thus, whether the Golf Course limited the application of the other restrictive covenants is not an issue in this case.[3]

Accordingly, we reverse and remand for the master to enter an injunction.

**REVERSED AND REMANDED.**

FINNEY, C.J., and TOAL, WALLER and BURNETT, JJ., concur.

---

**3.** We specifically decline to decide whether the developer did or could reserve the right to limit the application of the covenants.