THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Longcreek
 Plantation Property Owners' Association, Inc., Respondent,
 
 
 

v.

 
 
 
 Thomas L.
 Henderson and Dena C. Henderson, Appellants,
 
 
 

and

 
 
 
 Fairways
 Development, a General Partnership, Respondent.
 
 
 

Appeal From Richland County
Joseph M. Strickland, Master-in-Equity

Unpublished Opinion No. 2012-UP-240
 Heard December 7, 2011  Filed April 25,
2012  

AFFIRMED

 
 
 
 Timothy G. Quinn and Natalie J. Quinn, of
 Columbia, for Appellants.
 Alfred Johnston Cox, Carlos W. Gibbons,
 Jr., and Eugene Charles Fulton, Jr., all of Columbia, for Respondents.
 
 
 

PER CURIAM:  This
 is an action involving the enforcement of restrictive covenants.  Thomas and
 Dena Henderson appeal the master's order granting the Longcreek Plantation
 Property Owners' Association's (Longcreek's) request for injunctive relief, in
 which the master ordered the Hendersons to withdraw from filing a plat
 subdividing their lot and instead file a plat showing the property as a single
 lot.  We affirm.  
1.  As to the
 Hendersons' argument the master failed to uphold the contract between the
 parties allowing the division of the lot, we find no reversible error.  The
 master ruled, "There was no meeting of the minds and, thus, no actual
 agreement."  The Hendersons failed to specifically challenge this ruling;
 thus, it is the law of the case.  See Ulmer v. Ulmer, 369 S.C.
 486, 490, 632 S.E.2d 858, 861 (2006) (holding an unappealed ruling, right or
 wrong, is the law of the case).
2.   As to the Hendersons'
 argument the master erred in enforcing indefinite covenants and allowing the
 developer to arbitrarily decide what is not aesthetically pleasing, we find no
 error.  See River Hills Prop. Owners Ass'n v. Amato, 326 S.C.
 255, 259, 487 S.E.2d 179, 181 (1997) (stating when a covenant provides an
 architectural review board with broad authority for approval of improvements,
 the architectural review board's discretion is constrained only by
 reasonableness and good faith); Sea Pines Plantation Co. v. Wells, 294
 S.C. 266, 271, 363 S.E.2d 891, 894 (1987) (stating the courts will uphold an
 architectural review board's rejection of a homeowner's improvements based on
 aesthetic considerations when the board's decision is not arbitrary but bears a
 sufficient relation to the subdivision's general plan of development).  We hold
 Longcreek's denial of the Hendersons' request to subdivide bore a reasonable
 relation to the general plan of development.  In addition, Longcreek provided a
 reasonable explanation for why the Board refused to consider the Hendersons' house
 plans.  
3. As to the
 Hendersons' argument the master should have estopped the rescission of the
 contract, we upheld the master's ruling that there was no actual agreement,
 thus, there was no agreement to rescind.
4. As to the Hendersons'
 argument the master should have awarded them damages, we find no error.  First,
 we affirm the master's rulings on the above issues in favor of Longcreek. 
 Second, although the master noted in its order that the Hendersons had
 voluntarily dismissed their counterclaims against Longcreek at the conclusion
 of the case, the Hendersons did not argue in their Rule 59, SCRCP motion, or on
 appeal that they had not dismissed their counterclaims.  See Ulmer,
 369 S.C. at 490, 632 S.E.2d at 861 (holding an unappealed ruling, right or
 wrong, is the law of the case); Revis v. Barrett, 321 S.C. 206, 210, 467
 S.E.2d 460, 463 (Ct. App. 1996) (holding issue was not preserved on appeal when
 appellants never filed a motion to alter or amend the judgment to clarify
 discrepancy in an order pursuant to Rule 59, SCRCP).  The Hendersons have not
 established a basis for awarding damages to them.  
5.  As to the
 Hendersons' argument the master erred by allowing testimony regarding offers to
 compromise, we find no reversible error.  The Hendersons assert the statements
 should not be used as a factor when deciding the issue of whether they are
 liable for failing to mitigate their damages.  As stated above, the Hendersons
 are not entitled to any damages.  Accordingly, the Hendersons failed to
 establish any prejudice.  See Fields v. J. Haynes Waters Builders,
 Inc., 376 S.C. 545, 557, 658 S.E.2d 80, 86 (2008) ("[T]o warrant
 reversal based on the admission or exclusion of evidence, the appealing party
 must show both the error of the ruling and prejudice.").
AFFIRMED.
HUFF, PIEPER, and LOCKEMY,
 JJ., concur.