**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Ronald Jarmuth, Appellant,

v.

The International Club Homeowners Association, Inc., Rosemary Toth, and K.A. Diehl & Associates, Inc., Respondents.

Appellate Case No. 2013-000714

_____

Appeal From Horry County
Ralph P. Stroman, Special Referee
Steven H. John, Circuit Court Judge

_____

Unpublished Opinion No. 2015-UP-111
Submitted January 1, 2015 – Filed March 4, 2015

_____

**AFFIRMED**

_____

Ronald Jarmuth, of Murrells Inlet, pro se.

Henrietta U. Golding and Alicia E. Thompson, both of McNair Law Firm, PA, of Myrtle Beach, for Respondents.

_____

**PER CURIAM:** Ronald Jarmuth appeals the special referee's order dismissing his claims, awarding judgment against him, and granting injunctive relief. On appeal, Jarmuth argues: (1) the special referee denied him a fair trial; (2) the special referee did not address all of his issues; (3) the International Club Homeowners Association, Inc. (the Association) did not have any rights under the declaration of covenants and restrictions; (4) the South Carolina Nonprofit Corporation Act[1] preempted the declaration of covenants and restrictions; (5) K.A. Diehl & Associates, Inc. (K.A. Diehl) and the Association were liable to him for defamation and invasion of privacy; (6) Rosemary Toth and K.A. Diehl were liable to the Association for mishandling Association funds; (7) certain covenant obligations under the declaration of covenants and restrictions were voidable personal service contracts; (8) he was entitled to the approval of various modifications to his unit; (9) Pebble Creek and the Villas were not subject to the declaration of covenants and restrictions; (10) certain waivers of covenants contained within the first amendment to the declaration of covenants and restrictions were general waivers; (11) Horry County owned certain roads within the International Club community free of covenant restrictions; (12) the Association illegally withheld the voter list from him; and (13) the Association was not entitled to attorney's fees. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

As to Issue 1: *Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial [court] to be preserved for appellate review."); *Erickson v. Jones St. Publishers, L.L.C.*, 368 S.C. 444, 476, 629 S.E.2d 653, 670 (2006) ("[A] party may not complain on appeal of error or object to a trial procedure which his own conduct has induced."); *Ellie, Inc. v. Miccichi*, 358 S.C. 78, 99, 594 S.E.2d 485, 496 (Ct. App. 2004) ("[W]here an issue is not argued within the body of the brief but is only a short conclusory statement, it is abandoned on appeal."); Rule 220(b)(2), SCACR ("The Court of Appeals need not address a point which is manifestly without merit.").

As to Issue 2: *Ellie, Inc.*, 358 S.C. at 99, 594 S.E.2d at 496 ("[W]here an issue is not argued within the body of the brief but is only a short conclusory statement, it is abandoned on appeal."); *State v. Colf*, 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct. App. 1998) (finding a conclusory, two-paragraph argument that cited no

---

[1] *See* S.C. Code § 33-31-620(a) (2006).

authority other than an evidentiary rule was abandoned), *aff'd as modified*, 337 S.C. 622, 525 S.E.2d 246 (2000); Rule 220(b)(2), SCACR ("The Court of Appeals need not address a point which is manifestly without merit.").

As to Issue 3:  *O'Shea v. Lesser*, 308 S.C. 10, 14, 416 S.E.2d 629, 631 (1992) (explaining when the relief sought in an action for breach of restrictive covenants is monetary in nature, a claim for breach of the covenants is legal); *id.* (stating "in an action at law, tried without a jury, . . . we will not disturb findings of fact of the [trial court] unless there is no evidence reasonably supporting the [trial court's] findings"); *McCall v. IKON*, 363 S.C. 646, 652, 611 S.E.2d 315, 318 (Ct. App. 2005) ("[A] corporation may be known by several names in the transaction of its general business.").

As to Issue 4:  *Seabrook Island Prop. Owners Ass'n v. Marshland Trust, Inc.*, 358 S.C. 655, 661, 596 S.E.2d 380, 382-83 (Ct. App. 2004) (explaining the determination of the scope of restrictive covenants is an action in equity and will be reviewed de novo); S.C. Code Ann. § 33-31-620(a) (2006) ("A member may resign at any time.").

As to Issue 5:  *Mellen v. Lane*, 377 S.C. 261, 275, 659 S.E.2d 236, 244 (Ct. App. 2008) (explaining an action in tort for damages is an action at law, and in an action at law decided by a special referee, this court will correct any error of law); *id.* (stating in reviewing an action at law, this court "must affirm the [referee's] factual findings unless there is no evidence reasonably supporting them"); *Murray v. Holnam, Inc.*, 344 S.C. 129, 140-41, 542 S.E.2d 743, 749 (Ct. App. 2001) ("A communication made in good faith on any subject matter in which the person communicating has an interest or duty is qualifiedly privileged if made to a person with a corresponding interest or duty even though it contains matter which, without this privilege, would be actionable."); *Snavely v. AMISUB of S.C., Inc.*, 379 S.C. 386, 396, 665 S.E.2d 222, 227 (Ct. App. 2008) ("Invasion of privacy consists of the public disclosure of private facts about the plaintiff, and the gravamen of the tort is *publicity as opposed to mere publication*.  The defendant must intentionally reveal facts which are of no legitimate public interest, as there is no right of privacy in public matters.  In addition, *the disclosure must be such as would be highly offensive and likely to cause serious mental injury to a person of ordinary sensibilities*." (emphases added) (quoting *McCormick v. England*, 328 S.C. 627, 640, 494 S.E.2d 431, 437-38 (Ct. App. 1997))).

As to Issue 6:  Rule 220(b)(2), SCACR ("The Court of Appeals need not address a point which is manifestly without merit."); *Ellie, Inc.*, 358 S.C. at 99, 594 S.E.2d at

496 ("[W]here an issue is not argued within the body of the brief but is only a short conclusory statement, it is abandoned on appeal.").

As to Issue 7: *Marshland Trust*, 358 S.C. at 661, 596 S.E.2d at 382-83 (explaining the determination of the scope of restrictive covenants is an action in equity and will be reviewed de novo); *Seabrook Island Prop. Owners' Ass'n v. Berger*, 365 S.C. 234, 239, 616 S.E.2d 431, 434 (Ct. App. 2005) ("'Restrictive covenants are contractual in nature and bind the parties thereto in the same manner as any other contract.'" (quoting *Seabrook Island Prop. Owners Ass'n v. Pelzer*, 292 S.C. 343, 347, 356 S.E.2d 411, 414 (Ct. App. 1987))).

As to Issue 8: *Marshland Trust*, 358 S.C. at 661, 596 S.E.2d at 382-83 (explaining the determination of the scope of restrictive covenants is an action in equity and will be reviewed de novo); *Berger*, 365 S.C. at 239, 616 S.E.2d at 434 ("'Restrictive covenants are contractual in nature and bind the parties thereto in the same manner as any other contract.'" (quoting *Pelzer*, 292 S.C. at 347, 356 S.E.2d at 414)); *River Hills Prop. Owners Ass'n, Inc. v. Amato*, 326 S.C. 255, 260, 487 S.E.2d 179, 181 (1997) (holding the architectural review board of a subdivision did not act unreasonably in disapproving modifications for aesthetic reasons).

As to Issue 9: *Marshland Trust*, 358 S.C. at 661, 596 S.E.2d at 382-83 (explaining the determination of the scope of restrictive covenants is an action in equity and will be reviewed de novo); S.C. Code Ann. § 30-7-10 (2007) (providing South Carolina is a "race-notice" state); *First Union Nat'l Bank of S.C. v. Shealy*, 325 S.C. 351, 355, 479 S.E.2d 846, 848 (Ct. App. 1996) ("It is a well established rule of law that a deed is not legally effective until it has been delivered."); *Williams v. Lawrence*, 194 S.C. 1, 6, 8 S.E.2d 838, 840 (1940) (explaining the recording of a deed is prima facie evidence of delivery).

As to Issue 10: *Marshland Trust*, 358 S.C. at 661, 596 S.E.2d at 382-83 (explaining the determination of the scope of restrictive covenants is an action in equity and will be reviewed de novo); *Kinard v. Richardson*, 407 S.C. 247, 257, 754 S.E.2d 888, 893 (Ct. App. 2014) ("Words of a restrictive covenant will be given the common, ordinary meaning attributed to them at the time of their execution. [T]he paramount rule of construction is to ascertain and give effect to the intent of the parties as determined from the whole document." (alteration by court) (citation and internal quotation marks omitted)).

As to Issue 11: *Town of Kingstree v. Chapman*, 405 S.C. 282, 309, 747 S.E.2d 494, 508 (Ct. App. 2013) ("On the matter of dedication, this court makes findings

of fact in accordance with our own view of the preponderance of the evidence, and the evidence must be strict, cogent, and convincing."); *Boyd v. Bellsouth Tel. Tel. Co.*, 369 S.C. 410, 418 n.3, 633 S.E.2d 136, 140 n.3 (2006) (explaining an implied easement may arise when the claimant "has been in possession of both the dominant and the alleged servient tenement, and while in this possession he creates the easement, . . . and he afterwards sells a portion of the land over which the alleged easement runs, [expressly] reserving the easement"); *Tupper v. Dorchester Cnty.*, 326 S.C. 318, 325, 487 S.E.2d 187, 191 (1997) ("[A]n appurtenant easement inheres in the land, concerns the premises, has one terminus on the land of the party claiming it, and is essentially necessary to the enjoyment thereof. It also passes with the dominant estate upon conveyance." (citations omitted)); 23 Am. Jur. 2d *Dedication* § 14 (2013) ("An owner of land subject to a right-of-way may dedicate what it owns, at least where such dedication does not adversely affect the rights of the dominant owner."); *Id.* at § 6 (2013) ("A dedicator of land to the public may impose reasonable terms, restrictions, and limitations on which the land is given.").

As to Issue 12: *O'Shea*, 308 S.C. at 14, 416 S.E.2d at 631 (explaining when the relief sought in an action for breach of restrictive covenants is monetary in nature, a claim for breach of the covenants is legal); *id.* (stating in an action at law tried without a jury, "we will not disturb findings of fact of the [trial court] unless there is no evidence reasonably supporting the [trial court's] findings"); S.C. Code Ann. § 33-31-1602(c) (2006) (providing a member of a nonprofit corporation may inspect and copy the membership list "only if: (1) the member's demand is made in good faith and for a proper purpose; (2) the member describes with reasonable particularity the purpose and the records the member desires to inspect; and (3) the records are directly connected with this purpose").

As to Issue 13: *O'Shea*, 308 S.C. at 14, 416 S.E.2d at 631 (explaining when the relief sought in an action for breach of restrictive covenants is monetary in nature, a claim for breach of the covenants is legal); *id.* (stating in an action at law tried without a jury, "we will not disturb findings of fact of the [trial court] unless there is no evidence reasonably supporting the [trial court's] findings"); *Berger*, 365 S.C. at 238-39, 616 S.E.2d at 434 ("[T]he authority to award attorney's fees can come only from a statute or be provided for in the language of a contract." (internal quotation marks omitted)); *id.* at 240, 616 S.E.2d at 434 ("Where there is a contract, the award of attorney's fees is left to the discretion of the trial judge and will not be disturbed unless an abuse of discretion is shown." (internal quotation marks omitted)); *id.* at 239, 616 S.E.2d at 434 ("'Restrictive covenants are

contractual in nature and bind the parties thereto in the same manner as any other contract.'" (quoting *Pelzer*, 292 S.C. at 347, 356 S.E.2d at 414)).

As to any remaining issues not included in Jarmuth's statement of issues: Rule 208(b)(1)(B), SCACR ("Ordinarily, no point will be considered which is not set forth in the statement of the issues on appeal.").

**AFFIRMED.**[2]

**HUFF, SHORT, and KONDUROS, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.