**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Challenge Golf Group of South Carolina, LLC,
Respondent,

v.

B.J. Brandimarte, Appellant.

Appellate Case No. 2018-000831

———

Appeal From Greenwood County
Letitia H. Verdin, Circuit Court Judge

———

Unpublished Opinion No. 2021-UP-076
Submitted January 1, 2021 – Filed March 10, 2021

———

**AFFIRMED**

———

B.J. Brandimarte, of Greenwood, pro se.

David Sanford Wyatt, of Wyatt Law, P.A., of Greenville,
for Respondent.

———

**PER CURIAM:** B.J. Brandimarte appeals an order of judgment from the trial court finding he owed $29,476.68 to Challenge Golf Group of South Carolina, LLC. We find the terms of the restrictive covenant encumbering Brandimarte's real property in the Grand Harbor Club were unambiguous. Brandimarte conceded he was a member of the Grand Harbor Club, and did not introduce any evidence

indicating he was not bound by the covenant's terms.  Accordingly, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *O'Shea v. Lesser*, 308 S.C. 10, 14, 416 S.E.2d 629, 631 (1992) (explaining an action to enforce the terms of a restrictive covenant is at law); *Butler Contracting, Inc. v. Ct. St., LLC*, 369 S.C. 121, 127, 631 S.E.2d 252, 255 (2006) ("In an action at law, when a case is tried without a jury, the trial court's findings of fact will be upheld on appeal when they are reasonably supported by the evidence."); *Palmetto Dunes Resort v. Brown*, 287 S.C. 1, 6, 336 S.E.2d 15, 18 (Ct. App. 1985) ("'Restrictive covenants are contractual in nature,' so that the paramount rule of construction is to ascertain and give effect to the intent of the parties as determined from the whole document." (quoting *Hoffman v. Cohen,* 262 S.C. 71, 75, 202 S.E.2d 363, 365 (1974))); *Taylor v. Lindsey*, 332 S.C. 1, 4, 498 S.E.2d 862, 863 (1998) ("Words of a restrictive covenant will be given the common, ordinary meaning attributed to them at the time of their execution."); *Shipyard Prop. Owners' Ass'n v. Mangiaracina*, 307 S.C. 299, 308, 414 S.E.2d 795, 801 (Ct. App. 1992) (explaining when "the language imposing restrictions upon the use of property is unambiguous, the restrictions will be enforced according to their obvious meaning").[1]

---

[1] To the extent Brandimarte contends he did not agree to join a golf club built at Grand Harbor Club after he bought property in the development, we find the issue is not preserved for review.  The trial court did not rule on an issue relating to an alleged membership in a golf club and Brandimarte did not file a Rule 59(e), SCRCP, motion.  *See Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 24, 602 S.E.2d 772, 780 (2004) ("A party must file [a Rule 59(e)] motion when an issue or argument has been raised, but not ruled on, in order to preserve it for appellate review.").  We note that based on our review of the record, it does not appear Brandimarte was charged for a golf membership; rather, the record indicates he was invoiced for a resident membership at the Grand Harbor Club as required by the covenant.  Finally, Brandimarte argues this court should award him compensatory damages for an "overpayment of dues."  We find this issue is abandoned on appeal because Brandimarte failed to support his assertion with authority or provide arguments in the body of his brief to this court.  *See First Sav. Bank v. McLean*, 314 S.C. 361, 363, 444 S.E.2d 513, 514 (1994) (explaining a party abandons an issue on appeal when he "fails to provide arguments or supporting authority for his assertion").  Additionally, we note Brandimarte conceded at trial he did not pay his dues; thus, his request for compensatory damages for "overpayment of dues" is without merit.

**AFFIRMED.**[2]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.